UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANGEL ULLOA

    Plaintiff,

vs.

COMPLAINT

IL GABBIANO MIAMI, LLC, a Florida limited liability company, and GINO MASCI, an individual,

    Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff ANGEL ULLOA ("Plaintiff" or "Ulloa"), who was an employee of Defendants IL GABBIANO MIAMI, LLC, a Florida limited liability company and GINO MASCI, an individual (together, "Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "FLSA"), Article X, Section 24 and Fla. Stat. § 448.110 ("FMWA") and for a declaration of rights.

1. This action is brought pursuant to the FLSA under its three-year maximum statute of limitations for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.

2. Additionally, this action is brought pursuant to the FMWA under its five-year maximum statute of limitations for unpaid minimum wage compensation, liquidated damages, and other relief.

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## I. JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

5. This Court has supplemental jurisdiction over Plaintiffs' FMWA claims pursuant to 28 U.S.C § 1367(a).

## II. PARTIES

6. Plaintiff ANGEL ULLOA ("ULLOA") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

7. Defendant IL GABBIANO MIAMI, LLC is a Florida limited liability company that has owned and operated Il Gabbiano restaurant ("Il Gabbiano"), located at 335 South Biscayne Boulevard, Miami, Miami-Dade County, Florida.

8. Defendant GINO MASCI ("Masci"), an individual and *sui juris*, was the owner and operator of IL GABBIANO MIAMI, LLC d/b/a Il Gabbiano ("Il Gabbiano"), the restaurant at which Plaintiff was employed. Masci acted directly and indirectly in the interest of Il Gabbiano. Masci managed Il Gabbiano and had the power to direct employees' actions. Masci had management responsibilities, degree of control over Il Gabbiano's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

the Restaurant in accordance with the FLSA making Defendant Gino Masci an employer pursuant to 29 USC § 203(d).

### III.   COVERAGE

9. During all material times, Defendant IL GABBIANO MIAMI, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d) and Art. X, Section 24 of the Florida Constitution.

11. During all material times, Il Gabbiano had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.   FACTUAL ALLEGATIONS

12. Defendants operated a restaurant known as Il Gabbiano ("Il Gabbiano"), located at 335 South Biscayne Boulevard, Miami, Miami-Dade County, Florida.

13. ULLOA worked as a runner for Defendants from January, 2012 to July, 2015, approximately.

14. As the maximum statute of limitations under the FLSA is three years, the FLSA Relevant Time Period is between January 23, 2014 and January 23, 2017.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

15. As the maximum statute of limitations under the FMWA is five years, the FMWA Relevant Time Period is between January 9, 2012[1] to January 23, 2017.

16. During the Relevant Time Periods, the applicable Florida minimum wage was $7.67 per hour in 2012, $7.79 per hour in 2013, $7.93 per hour in 2014, and $8.05 per hour in 2015. In addition, the applicable overtime wage was $11.895 per hour in 2014, and $12.075 per hour in 2015.

17. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

18. To utilize the tip credit under the FLSA, the employer must pay its bartenders the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

19. Plaintiff was required to participate in a tip pool with employees who worked positions that were not customarily and regularly tipped ("non-tipped employees"), such as management, in an illegal tip pool scheme in violation of the Act.

20. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

---

[1] The demand letter sent pursuant to the FMWA was served on January 9, 2017.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

21. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Periods and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff the minimum wage for each regular hour worked and the overtime wage for each overtime hour worked under both the FLSA and FMWA.

22. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff his applicable minimum and overtimes wages under the FLSA and FMWA.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally forced Plaintiff to participate in an invalid tip pool in which management participated.

26. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

27. By forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ANGEL ULLOA demands judgment in his favor and against Defendants IL GABBIANO MIAMI, LLC and GINO MASCI, jointly and severally, as follows:

a) Award to Plaintiff for payment of all regular hours at the full Florida minimum wage for which Defendants claimed the tip credit;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per week at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

29. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

30. Defendants willfully and intentionally forced Plaintiff to participate in an invalid tip pool in which management participated.

31. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

32. By forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and

therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

33. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ANGEL ULLOA demands judgment in his favor and against Defendants IL GABBIANO MIAMI, LLC and GINO MASCI, jointly and severally, as follows:

a) Award to Plaintiff payment of all overtime hours worked in excess of forty per week at the full overtime wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per week at the full overtime wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLORIDA CONSTITUTION,**
**ART. X, SECT. 24 AND FLA. STAT. 448.110**

34. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

35. Defendants willfully and intentionally required Plaintiff to participate in an invalid tip pool in which management participated.

36. Defendants did not provide with the requisite notice for instituting the tip credit under the FMWA.

37. By forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FMWA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

38. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with management and for not providing the required notice under the FMWA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ANGEL ULLOA demands judgment in his favor and against Defendants IL GABBIANO MIAMI, LLC and GINO MASCI, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per week at the full Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per week at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT IV
## DECLARATION OF RIGHTS

39. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein, and further alleges as follows:

40. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

41. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

42. Defendants did not rely on a good faith defense in forcing Plaintiff to participate in an invalid tip pool that included management under the FLSA.

43. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

44. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff ANGEL ULLOA demands the entry of judgment in his favor and against Defendants IL GABBIANO MIAMI, LLC and GINO MASCI, jointly and severally, as follows:

   a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

   b) Enjoin Defendants from further violations of the FLSA;

   c) Award Plaintiff reasonable attorneys' fees and costs;

   d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of February, 2017.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com

9

legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 3, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
 Robert W. Brock II, Esq.
 Florida Bar No. 75320

**ULLOA v. IL GABBIANO MIAMI, LLC and MASCI**
Case No.:
**Service List**

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808